THATCHER
*vs.*
GOFF ET AL.

---

## THATCHER *vs.* GOFF ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a witness testified, on being shown the note sued on, that he had seen the signature of the endorsors to notes and accounts, and believes the endorsement to be their signature; but has seen it so seldom that he cannot swear positively, having never seen either of them write. He believes the signature of the firm, on the note, is by M., who, he learned, always

signed the firm of M. & P.; and he has seen notes signed by the firm pass without dispute, and he would have taken this one himself, as endorsed by them : *Held*, that this evidence is insufficient to prove the endorsement. A witness testifying to a signature, must have seen the party sign, or received letters, or paid bills, which were afterwards acknowledged; or had som.; other equivalent means of knowledge derived directly from the act or party, as to his signature.

*Eastern Dist.*
*May*, 1837.

THATCHER
vs.
GOFF ET AL.

This is an action on a promissory note, dated at Clinton, (Miss.) August 12th, 1831, for two thousand seven hundred and sixty-two dollars and eighty-four cents, drawn by James D. Goff & Co., and made payable to the order of M'Manus & Page, who endorsed it in blank. The present suit was commenced by attachment against the drawers, the 6th October, 1835.

The defendants pleaded the general issue.

The firm of Goff & Ross intervened, claiming the property attached, as belonging to them.

James D. Goff, one of the defendants, filed a separate and supplemental answer, in which he denies that the plaintiff is the real owner of the note in suit, and declines the jurisdiction of the court, on the ground that he is not herein represented by property or in person, and that he is already sued in another jurisdiction and state. He prays to be dismissed.

Upon these pleadings and issues the parties went to trial. The testimony of S. R. Winter was taken to prove the signature of the firm of M'Manus & Page, and is stated in full in the opinion of the court.

The district judge rendered judgment for the plaintiff, from which the defendants and intervenors appealed.

*I. W. Smith*, for the plaintiff.

1. In this case James D. Goff is sued as a partner of the firm of James D. Goff & Co., to a promissory note, which begins, " twelve months after date *I promise to pay, etc.*," and he has admitted his signature by not specially denying it. The words " *I promise, etc.*," signed by the firm, binds each member of it *in solido*.

2. The proof of the signature of the firm who *first* endorsed the note, is full and sufficient, as proved by the testimony of Winter. 6 *Martin, N. S.,* 45. 7 *Ibid.,* 255. 2 *Louisiana Reports,* 193. 7 *Ibid.,* 337, 481. 3 *Wheaton,* 172.

*Sterrett,* for the appellants.

1. The plaintiff must fail, because there is not sufficient evidence to entitle him to a judgment. The petition reads thus, "that James D. Goff and Eli Garner, residents of the town of Clinton, state of Mississippi, made their note for the sum of two thousand seven hundred and sixty-two dollars and eighty-seven cents, payable to M'Manus & Page, or order, at the office of the Branch Bank of the United States, at Natchez, and endorsed by said M'Manus & Page, Eli Garner, George Thatcher and James S. Montgomery," and afterwards " that the drawers have property within the jurisdiction of this court."

2. The counsel appointed to represent the absent defendants, as a matter of course, could neither admit nor deny their signatures, but he denied all the allegations in the petition. It consequently became necessary to make proof on the part of the plaintiff, of all the allegata, and let us see how far that was done.

3. There is no evidence of the existence of such a firm as Jas. D. Goff & Co., and the note itself reads " twelve months after date *I promise, etc.*" Who then signed " James D. Goff & Co." to the note sued on, Goff or Garner? This is not shown, although this is a case where the law absolutely requires, and moreover, points out the manner in which it should be done. Civil Code, 2240, 2241, and the Code of Practice, article 325, says, " either by witnesses who have seen the defendant sign the act, or who declare they know it to be his signature, because they have frequently seen him write and sign his name," or by experts, etc. No proof whatever was attempted to be made!

4. The signature of the first endorsers according to the same rule was not legally proved. The only witness introduced in support of plaintiff's claim, was Samuel R. Winter.

He says, *distinctly, he has never seen* M'Manus or Page, (the party constituting the firm of the payers,) write their signa- ture, and that his only means of knowledge is from signatures which he had seen, purporting to be signatures of the *house,* and "*that so seldom that he should not like to swear positively to it.*"

*Carleton, J.,* delivered the opinion of the court.

This suit is brought by attachment on a promissory note, drawn by James D. Goff & Co., payable to M'Manus & Page, who endorsed it to Eli Garner, by whom it was assigned to plaintiff. The defendants pleaded the general issue.

The cause was tried by the court, who decreed in favor of the plaintiff, and ordered the property attached, to be sold to satisfy the judgment.

A motion was afterwards made by defendants' counsel for a new trial on four several grounds filed. Our attention has been principally drawn to the first, to wit : "That there is not sufficient evidence to establish the signatures of the first endorsers on the instrument sued on."

The judge overruled the application for a new trial, and the defendants appealed from the decree of the court.

The controversy turns mainly upon the sufficiency of the proof of the hand writing of the first endorsers on the note. There was only one witness examined, whose testimony is as follows : "Samuel R. Winter, witness for the plaintiff, sworn, being shown the promissory note sued on and annexed to the petition, says that he has had occasion to see the signature of M'Manus & Page to notes and accounts ; witness has seen the signature of M'Manus & Page so seldom that he should not like to swear positively to it ; he believes, however, the signature of M'Manus & Page, as endorsers on said note, to be that of said firm."

*Cross-examined.* "Witness never saw either of the firm of M'Manus & Page write or sign their names ; he believes the signature, M'Manus & Page, on said note, to be written by M'Manus, from having understood that he always signed the name of the firm to notes and obligations ; said firm are established at Clinton, Mississippi."

13

EASTERN DIST.
*May*, 1837.

THATCHER
*vs.*
GOFF ET AL.

Where a witness testified, on being shown the note sued on, that he had seen the signature of the endorsers to notes and accounts, and believes the endorsement to be their signature; but has seen it so seldom that he cannot swear positively, having never seen either of them write. He believes the signature of the firm, on the note is by M., who, he learned, always signed the firm of M & P.; and he has seen notes signed by the firm pass without dispute, and he would have taken this one himself, as endorsed by them: *Held*, that this evidence is insufficient to prove the endorsement.

A witness testifying to a signature, must have seen the party sign, or received letters, or paid bills, which were afterwards acknowledged, or had some other equivalent means of knowledge derived directly from the act or party, as to his signature.

*Principal examination resumed.* "Witness has been frequently in Clinton, and knows M'Manus and Page well; he has had frequent occasions to see notes which passed as having been signed by M'Manus & Page, without dispute; from this, he has no doubt that it is the signature of M'Manus & Page, and he would have taken the note himself."

We think this testimony insufficient to prove the signature of the first endorsers. It is a rule founded in good sense, not now to be shaken, that the witness testifying to a signature, must have seen the party sign, or have received letters from him in a course of correspondence, or have paid bills according to his directions, which he afterwards accounted for, or should have had some other equivalent means of knowledge, as the basis of his conviction, *derived* directly from the act or acknowledgment of the person whose signature he professes to know. *Chitty on Bills, page* 621.

Though the witness stated that "he has had occasion to see the signature of M'Manus & Page to notes and accounts," yet in his cross-examination he declares that he has never seen them write.

He also stated that he had frequent occasion to see notes which passed as having been signed by M'Manus & Page, without dispute; that is, that those among whom the notes circulated were never known to call the signatures in question. So that all the witness has disclosed may be traced to what was said or done by third persons, and not to any knowledge derived to him, either from the act or acknowledgment of the endorsers themselves.

This view of the subject renders it unnecessary to notice any other point raised in the cause. We think the plaintiff has failed to establish the signatures of the first endorsers by legal and sufficient testimony, and that the court below erred in refusing a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that this case be remanded for a new trial, and that the appellee pay the costs of appeal.